JS-6

Anthony M. Keats (State Bar No. 123672)
E-Mail: akeats@kmwlaw.com
David K. Caplan (State Bar No. 181174)
E-Mail: dcaplan@kmwlaw.com
Konrad K. Gatien (State Bar No. 221770)
E-Mail: kgatien@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Brian W. Brokate (admitted *pro hac vice*)
Email: bwbrokate@gibney.com
John Macaluso (admitted *pro hac vice*)
Email: jmacaluso@gibney.com
Walter Michael Lee (admitted *pro hac vice*)
Email: wmlee@gibney.com
GIBNEY, ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, NY 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> GRAIG LEWIS and TINA LEWIS a/k/a CIPRIANA LEWIS, both individually and d/b/a "Q.I. 24/7 INC.", "Q.I. FASHION", WWW.HIPHOPKICKZ.COM and WWW.QI247INC.COM; and DOES 1-10, <br><br> Defendants. | Case No. 10-01866 GAF (SHx) <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") and Graig Lewis and Tina Lewis a/k/a Cipriana Lewis, both individually and d/b/a "Q.I. 24/7 Inc.", "Q.I. Fashion", www.hiphopkickz.com and www.qi247inc.com (hereinafter collectively referred to as "Defendants"), having agreed that a Final Judgment and Permanent Injunction Upon Consent (hereinafter referred to as "Final Judgment") should be entered between them and good cause appearing therefore:

1. Rolex having asserted this action for trademark counterfeiting, 15 U.S.C. § 1114; trademark infringement, 15 U.S.C. § 1114; false designation of origin and false description, 15 U.S.C. § 1125(a); Federal trademark dilution, 15 U.S.C. § 1125(c); unfair competition, false designation of origin and false description; 15 U.S.C. § 1125(a); and common law unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367. The Court further has continuing jurisdiction to enforce the terms and provision of this Final Judgment.

2. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, NY 10022.

3. Defendants are residents of the State of California residing at 247 East 88th Place, Los Angeles, CA 90003.

4. Defendants are the registrants, the owners and operators and the controlling forces behind www.hiphopkickz.com and www.qi247inc.com (the "Websites").

5. Defendants have knowing and willfully offered for sale and has sold watches bearing counterfeits and infringements of Rolex's trademarks on the Websites and on the Internet.

6. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Rolex's trademarks described below. Rolex watches are identified by the trade name and trademark ROLEX and one or more of Rolex's trademarks.

7. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

8. Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names CROWN DEVICE (design), DATEJUST, DAY-DATE, DAYTONA, EXPLORER II, GMT-MASTER, GMT-MASTER II, OYSTER, OYSTER PERPETUAL, PRESIDENT, ROLEX, ROLEX DAYTONA, SEA-DWELLER, SUBMARINER, and TURN-O-GRAPH on and in connection with watches, watch bracelets and related products.

9. Rolex is the owner of, including but not limited to, the following federal trademark registration in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♕ **CROWN DEVICE** | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| **DATEJUST** | 674,177 | 2/17/59 | Timepieces and parts thereof. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **DAY-DATE** | 831,652 | 7/4/67 | Wrist watches. |
| **DAYTONA** | 2,331,145 | 3/21/00 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/01 | Watches. |
| **GMT-MASTER** | 683,249 | 8/11/59 | Watches. |
| **GMT-MASTER II** | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| **OYSTER** | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| **PRESIDENT** | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/96 | Watches. |
| **SEA-DWELLER** | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| **SUBMARINER** | 1,782,604 | 7/20/93 | Watches. |
| **TURN-O-GRAPH** | 2,950,028 | 5/10/05 | Watches and parts thereof. |

(the "Rolex Registered Trademarks")

10.   The Rolex Registered Trademarks are arbitrary and fanciful marks that are entitled to the highest level of protection afforded by law.

11.   The Rolex Registered Trademarks are associated with Rolex in the minds of consumers, the public and the trade.

12.   The Rolex Registered Trademarks are world-famous.

13.   Watches bearing the Rolex Registered Trademarks have been extensively advertised for many decades.

14. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex watches and related products. The Rolex Registered Trademarks identify high quality products originating with Rolex.

15. Based upon Rolex's extensive advertising, sales and the wide popularity of Rolex's products, the Rolex Registered Trademarks have acquired secondary meaning so that any product and advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product and affiliate of Rolex.

16. The Rolex Registered Trademarks are widely recognized by the general consuming public of the United States as a designation of source of the watches distributed by Rolex.

17. The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065 with the exception of TURN-O-GRAPH and GMT MASTER II.

18. Rolex has gone to great lengths to protect its name and the Rolex Registered Trademarks.

19. Long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendants began selling, offering for sale, distributing, promoting and advertising watches in interstate commerce bearing counterfeits and infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and as shown in the Rolex Registered Trademarks attached to Rolex's Complaint as Exhibit 1. The

spurious marks or designations used by Defendants in interstate commerce are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by the Rolex Registered Trademarks.

20. Rolex, its customers and the general public have all been victimized by an unparalleled wave of counterfeiting, and Rolex has thus been involved in extensive anti-counterfeiting programs designed to protect its valuable intellectual property rights and the investment made by its customers.

21. Rolex took action against Defendants by service of a cease and desist letter. Defendants warrant and represent that the cease and desist letter was received from Rolex.

22. Despite Rolex's efforts, Defendants continued to offer for sale and sold goods bearing counterfeits of the Rolex Registered Trademarks.

23. Defendants admit that they intentionally, willfully and maliciously sold, offered for sale, distributed, promoted and advertised watches bearing counterfeits of one or more of the Rolex Registered Trademarks, despite the knowledge that such sales are illegal.

24. Defendants are not now, nor have they ever been associated, affiliated or connected with or endorsed or sanctioned by Rolex.

25. Rolex has gone to great lengths to protect its name and enforce its trademarks.

26. Rolex has no adequate remedy at law.

27. Defendants' acts constitute willful and malicious trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Defendants' acts constitute willful and malicious trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

29. Defendants' acts constitute willful and malicious unfair competition, use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their products as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30. Defendants' acts constitute willful and malicious common State statutory unfair competition and common law unfair competition.

31. Defendants expressly agree that, as a matter of law, pursuant to 11 U.S.C. § 523 (a)(6), due to Defendants' malicious behavior, the terms of this Final Judgment are not dischargeable in any bankruptcy proceeding. In this regard, Defendants expressly waive the right to assert the protection of the bankruptcy laws of the United States as a bar to Rolex's collection of all monetary recoveries due to Rolex as provided for in this Final Judgment.

32. Defendants agree that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof.

33. Defendants agree that the amount in controversy in this action is greater than $75,000.

**IT IS ORDERED, ADJUDGED AND DECREED:**

34. Judgment shall be entered against Defendants, and in favor of Rolex, in the amount of One Million Dollars ($1,000,000.00) as the award of damages due to Defendants' infringement of the Rolex's Registered Trademarks.

35. The Final Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

36. Defendants, their agents, servants, employees, attorneys and all persons acting in concert and participation with them, and their successors and assigns, jointly and severally be and hereby are, permanently restrained and enjoined from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent their

-7-

unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rolex, or are sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g) using or continuing to use the Rolex Registered Trademarks or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(h) hosting or acting as Internet Service Provider for, or operating any websites, that offer for sale any products bearing counterfeits of the Rolex Registered Trademarks;

(i) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(j) having any connection whatsoever with any website that offers for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(k) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks;

(l) otherwise unfairly competing with Rolex;

  (m) otherwise causing a likelihood of confusion with injury to Rolex's business reputation or the distinctiveness of the Rolex Registered Trademarks; and

  (n) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

  It is further ORDERED that in the event that Defendants are ever found by a court of competent jurisdiction, after notice and an opportunity to be heard, to be in violation of this Final Judgment the parties agree that (a) Rolex will be entitled to all normal relief which it may request from the court; (b) Rolex may retain any partial payments made, if any, pursuant to this Final Judgment; and (c) Rolex will be entitled to recover any and all future and additional damages, fees and costs incurred by Rolex due to Defendants' violation of this Final Judgment, and judgment shall be entered against the Defendants in that full amount.

  It is further ORDERED that any act by the Defendants in violation of the terms or conditions of this Final Judgment may be considered and prosecuted as a contempt of this Court and the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

-10-

It is further ORDERED that pursuant to 11 U.S.C. § 523 (a)(6), the terms of this Final Judgment are not dischargeable in any bankruptcy proceeding.

It is further ORDERED that this Final Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

The Court expressly determines that there is no just reason for delay in entering this judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants.

This Consent Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

**CONSENTED TO BY THE PARTIES:**

The undersigned hereby consent to the entry of a Consent Judgment and Permanent Injunction in the form annexed hereto or in such other form as the Court may approve.

**ROLEX WATCH U.S.A., INC.**

Dated: July 1, 2010                    By:_____/s/_____
                                              John F. Flaherty
                                              Secretary

**GRAIG LEWIS and TINA LEWIS a/k/a/ CIPRIANA LEWIS both individually and d/b/a "Q.I. 24/7 INC.", "Q.I. FASHION", WWW.HIPHOPKICKZ.COM and WWW.QI247INC.COM**

Dated:  June 15, 2010

_____/s/_____
Graig Lewis

_____/s/_____
Tina Lewis a/k/a Cipriana Lewis

**SO ORDERED:**

Dated:_July 7, 2010

_____
Gary A. Feess
UNITED STATES DISTRICT JUDGE